### MUMM v. DANCE.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

1. TRIAL (§ 337*)—VERDICT CONTRARY TO INSTRUCTIONS.

Where, in an action for damage by a collision between plaintiff's and defendant's teams after defendant's team had run away, the court charged that if the strap with which defendant tied the team was a proper strap, and the horses were hitched by tying the strap to the outside horse as testified, defendant should recover, a verdict for plaintiff could not be sustained on the ground of negligence because only the outside horse was tied by the strap in front of the other horse, so that it might be broken by the untied horse coming in contact with it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 790; Dec. Dig. § 337.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENCE—RUNAWAY TEAM.

Evidence in an action for injuries to plaintiff's team by collision with defendant's runaway team *held* not to sustain a verdict for plaintiff on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ground of negligence in only tying the strap to the outside horse, so that the inside horse came in contact with it, and broke it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

McLennan, P. J., dissenting.

Appeal from Trial Term, Erie County.

Action by Frederick J. Mumm against Frank T. Dance. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Wende & Wende, of Buffalo, for appellant.

George Keating, of Buffalo, for respondent.

KRUSE, J. The defendant's team ran away and collided with the plaintiff's team, which plaintiff was driving in one of the public streets in the city of Buffalo, killing one of the plaintiff's horses. The jury rendered a verdict in favor of the plaintiff for the value of the horse, predicated upon negligence.

The evidence shows that the defendant was delivering a load of coal to a certain church. The team was in charge of a driver, who testified that after reaching the church he tied the outside horse of the team to an iron railing, and then left the team and entered the church basement. The reason he hitched the outside horse, as it seems, was because that horse was young and full of life; the other was not. Apparently, the horses became frightened, broke the tie strap, and ran away. One part of the tie strap was still hanging to the bridle after the team was caught. The other was tied around the railing, as several witnesses testify, although one of the witnesses, who caught the horses, did not observe the broken tie strap hanging from the bridle. The broken tie strap was produced in court, and seems to have been suitable for hitching purposes. The weight of the evidence is that the horse was tied as the defendant's driver testified, and the learned trial judge so held, saying in his opinion delivered upon the motion for a new trial that, if the case is to turn upon the simple fact as to whether the horse was tied to the railing, the verdict should be set aside as against the weight of the evidence. But he seems to have concluded to sustain the verdict upon the theory that the jury might find that the team was not properly secured, because only one of the horses was tied, and that one the outside horse, with the tie strap running across and in front of the other horse to the iron railing, so that, if the team became frightened, the tie strap might easily be broken by the untied horse coming in contact with it.

[1] I think this phase of the question was covered by the main charge, but the difficulty in sustaining the verdict upon that theory is that the judge charged the jury afterward, at the request of the defendant's counsel, that if the jury believed that the strap was a proper strap, and that the horses were hitched as testified to, then the defendant would be entitled to a verdict of no cause of action.

[2] That necessarily excluded the other grounds. I think the evidence is insufficient to sustain the verdict upon that theory, or at least the verdict is against the evidence upon that question.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., who dissents in a memorandum

McLENNAN, P. J. (dissenting). This case as to the facts is very simple, and no question of law is involved. The defendant was delivering a load of coal to a church on Walden avenue in the city of Buffalo, N. Y., by means of a coal wagon and team of horses, which team and wagon were in charge of a driver employed by the defendant. When the driver (defendant's employé) reached a point in the public street in front of the church at which the coal was to be delivered, it was apparently necessary for him to ascertain just how and where such coal should be delivered, and at that time he stopped his team and alighted from the wagon, and in securing his team until such information could be obtained he hitched the off or outside horse by a strap extending across the breast of the other horse, and fastened to an iron railing in front of such church. While the driver was investigating as to how or where the coal should be delivered, the team became frightened, the strap extending across the breast of the other horse to the railing was broken, and the horses ran away, doing the damage complained of by the plaintiff. It is conceded that the plaintiff was not guilty of contributory negligence.

The jury has found a verdict for the plaintiff. As I have said, it is expressly stipulated that the plaintiff was free from contributory negligence, and it is not urged that the verdict is excessive. Therefore, the only question presented is whether or not the defendant was guilty of actionable negligence.

I think that the manner in which the team in question was hitched by the defendant's employé was sufficient to justify the finding of the jury that such employé was negligent in hitching such team. By such hitching from the outside horse to the railing the inside horse was unrestrained from pressing his entire weight against the hitching strap which was supposed to hold the team. As it seems to me, it was impossible for the strap thus fastened to hold the team, and it was a question of fact whether under those circumstances the team was properly fastened.

It is suggested by the prevailing memorandum in this case that the trial judge charge the jury, in substance, that if the team was tied in the manner testified to by the plaintiff's witnesses, to wit, from the bits of the ouside horse across the breast of the horse next to the curb, and then attached to the railing, no recovery could be had. It seems to me that that is not the meaning of the charge. The court said:

"Well, it is the duty, of course, to securely fasten—that is, to use every reasonable precaution to securely fasten—them. If the testimony of the plaintiff is true that this hitching strap was broken, as far as the mere tying is concerned it appeared to have been sufficient, as far as being securely tied—

if the testimony is true. But the rule is that one should use reasonable care to secure his team."

Counsel for the defendant asked the court to charge as follows:

"I ask your honor to charge the jury that if they believe that the strap (Exhibit 2) was a proper strap, and that. the horses were hitched as testified to,. that then the defendant is entitled to a verdict of no cause of action.

"The Court: I think I will so charge."

It appears that the strap with which the horses were hitched was submitted to the jury, and their verdict indicates that they thought that the strap was not a proper strap for hitching horses under the situation disclosed by the evidence in this case.

My conclusion is that the manner of hitching the team in question was negligent in the extreme, and, that the jury having found that the strap used for the purpose of such hitching was inadequate and improper, their verdict that the defendant was guilty of negligence which resulted in the injury complained of was amply sustained by the evidence.

I therefore recommend that the judgment and order appealed from be affirmed, with costs.